**Fill in this information to identify the case:**

Debtor 1     Forrest Andre Parker

Debtor 2     _____
(Spouse, if filing)

United States Bankruptcy Court for the: Eastern District of Virginia (Richmond)

Case number   20-34186

---

Official Form 410S1

# Notice of Mortgage Payment Change    12/15

**If the debtor's plan provides for payment of postpetition contractual installments on your claim secured by a security interest in the debtor's principal residence, you must use this form to give notice of any changes in the installment payment amount. File this form as a supplement to your proof of claim at least 21 days before the new payment amount is due.** See Bankruptcy Rule 3002.1.

**Name of creditor:** JPMorgan Chase Bank, National Association

**Court claim no.** (if known): _____

**Date of payment change:**
Must be at least 21 days after date of this notice    11/01/2020

**New total payment:**
Principal, interest, and escrow, if any    $ 1406.95

**Last 4 digits** of any number you use to identify the debtor's account:   1   3   8   1

### Part 1: Escrow Account Payment Adjustment

1. **Will there be a change in the debtor's escrow account payment?**

   ☑ No
   ☐ Yes. Attach a copy of the escrow account statement prepared in a form consistent with applicable nonbankruptcy law. Describe the basis for the change. If a statement is not attached, explain why:

   **Current escrow payment:** $ _____     **New escrow payment:** $ _____

### Part 2: Mortgage Payment Adjustment

2. **Will the debtor's principal and interest payment change based on an adjustment to the interest rate on the debtor's variable-rate account?**

   ☑ No
   ☐ Yes. Attach a copy of the rate change notice prepared in a form consistent with applicable nonbankruptcy law. If a notice is not attached, explain why:

   **Current interest rate:** _____%      **New interest rate:** _____%

   **Current principal and interest payment:** $ _____     **New principal and interest payment:** $ _____

### Part 3: Other Payment Change

3. **Will there be a change in the debtor's mortgage payment for a reason not listed above?**

   ☐ No
   ☑ Yes. Attach a copy of any documents describing the basis for the change, such as a repayment plan or loan modification agreement.
   (*Court approval may be required before the payment change can take effect.*)

   Reason for change:
   Loan Modification

   **Current mortgage payment:** $ 1575.65     **New mortgage payment:** $ 1406.95

| **Part 4:** | **Sign Here** |

The person completing this Notice must sign it. Sign and print your name and your title, if any, and state your address and telephone number.

*Check the appropriate box.*

☒ I am the creditor.

☐ I am the creditor's authorized agent.

**I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.**

✗ /s/Bubba Fangman
Signature

Date  10/23/2020

Print: Bubba Fangman
       First Name    Middle Name    Last Name

Title: Vice President

Company: JPMorgan Chase Bank, N.A.

Address: Chase Records Center Attn: Correspondence Mail
         Number          Street
         700 Kansas Lane, Mail Code LA4-5555
         Address 2
         Monroe                          LA      71203
         City                            State   ZIP Code

Contact phone  866-243-5851

Email: PCN_Escalations@chase.com

# UNITED STATES BANKRUPTCY COURT

Eastern District of Virginia (Richmond)

Chapter 13 No. 20-34186
Judge: Keith L. Phillips

In re:

Forrest Andre Parker

Debtor(s).

## CERTIFICATE OF SERVICE

I hereby certify that this Notice, including all attachments, is being served on or before October 27, 2020 via filing with the US Bankruptcy Court's CM ECF system and/or by mailing or providing a copy of this document to a vendor for mailing: By U.S. Postal Service First Class Main Postage Prepaid

Debtor:

By U.S. Postal Service First Class Mail Postage Prepaid

Forrest Andre Parker
9811 Fendale Ln

Fredericksburg VA 22408

By U.S. Postal Service First Class Mail Postage Prepaid

N/A

Debtor's Attorney:

By U.S. Postal Service First Class Mail Postage Prepaid

Forrest Andre Parker
PRO SE
9811 Fendale Ln

Fredericksburg VA 22408

By U.S. Postal Service First Class Mail Postage Prepaid

N/A

Trustee:

By U.S. Postal Service First Class Mail Postage Prepaid

Suzanne E. Wade
Trustee
341 Dial 877-996-8484 Code 2385911
7202 Glen Forest Drive, Ste. 202
Richmond VA 23226

/s/Bubba Fangman
_____

Vice President

JPMorgan Chase Bank, N.A.

"This payment change notice is filed in connection with a loan modification. The effective date of this payment correlates with the first payment under the loan modification."

# JPMC Separation Page

_Printed @: GTS_MI_

**Loan Info:**

| | | | |
|---|---|---|---|
| Customer ID: | JPMC-1 | | **Recordable?  N** |
| Loan Number: | ▉▉▉▉▉▉▉▉ | | |
| LOB: | WAMU | | **MERS?  N** |
| Borrower Name: | FORREST PARKER | | |
| Property Address: | 9811 FENDALE LN | | |
| | FREDERICKSBURG | VIRGINIA | 22408 |

**To:**

| | | |
|---|---|---|
| Borrower Name: | FORREST PARKER | |
| Mailing Address: | 9811 FENDALE LN | |
| | FREDERICKSBURG | VIRGINIA |
| | 22408 | |

## From:  WAMU

**Countersignature Date:  10-13-2020**

**Borrower Sig Date:     10-01-2020**

**Package Type:**

## BAU_MOD_GLOBAL_FINAL_COUNTERSIGN

**Number of Envelopes:  0**       *** Needs Countersignature ***



# USPS



STANDARDMAIL

Ship Date:  N/A

Loan Number 



**Chase**
P.O. Box 469030
Glendale, CO 80246-9030

October 13, 2020

**FORREST PARKER
9811 FENDALE LN
FREDERICKSBURG, VIRGINIA 22408**

**Here's your Loan Modification Agreement**

Account:
Property Address:   **9811 FENDALE LN
FREDERICKSBURG, VIRGINIA 22408**

Dear FORREST PARKER:

Thank you for completing all the requirements for a permanent mortgage modification. We have enclosed a signed copy of your agreement.

If you have questions, please call us; we accept operator relay calls. We're available Monday through Friday from 8 a.m. to 7 p.m. Eastern Time.

Sincerely,

SHAMEKA MANNING
Relationship Manager
Chase
1-877-496-3138
chase.com

Enclosure

Page 1 of 2

ID 3275605
WF188



**Loan Number**

Esta comunicación contiene información importante acerca de la cuenta. Si tiene alguna pregunta o necesita ayuda para traducirla, comuníquese con nosotros llamando al 1-877-496-3138, de lunes a viernes de 8 a.m. a 7 p.m., hora del Este.

**Important Legal Information**

**Information about bankruptcy filings**
To the extent your original obligation was discharged or is subject to an automatic stay of bankruptcy under Title 11 of the United States Code, this notice is for compliance with non-bankruptcy law and/or informational purposes only and does not constitute an attempt to collect a debt or to impose personal liability for such obligation. Nothing in this letter (including our use of the words "your," "loan," "mortgage," or "account") means that you're required to repay a debt that's been discharged. Any payment you make on the account is voluntary, but we may still have rights under the security instrument, including the right to foreclose on the property.

If you are represented by an attorney, please refer this letter to your attorney and provide us with the attorney's name, address, and telephone number.

**Information for Servicemembers and their dependents**
If you or any occupant of your home are or recently were on active Military duty or related active service, you may be eligible for benefits and protections under the federal Servicemembers Civil Relief Act (SCRA), state law, or Chase policy. This includes protection from foreclosure or eviction, and in some cases, interest rate benefits. Some protections also may be available if you are the dependent of an eligible Servicemember. Although Servicemember interest rate benefits under the Servicemembers Civil Relief Act don't allow you to defer payments, some states allow for a payment deferral if certain conditions are met.

For more information, please call Chase Military Services at 1-877-469-0110.



**Loan Number** ▮

# MODIFICATION AGREEMENT

This Modification Agreement ("Agreement") will become effective on: 1ST day of NOVEMBER, 2020, between FORREST PARKER ("Borrower") and Lender or Servicer (the "Lender"). JPMORGAN CHASE BANK, N.A.

This agreement amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed ("Security Instrument"), and Timely Payment Rewards Rider, if any, dated MARCH 30, 2006 and (2) the Note, bearing the same date as, and secured by, the Security Instrument, which covers the real property described in the Security Instrument and defined therein as the "Property", located at:

9811 FENDALE LN, FREDERICKSBURG, VIRGINIA 22408
(Property Address)

If there is more than one Borrower or Mortgagor executing this document, each is referred to as "I." For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

If my representations in Section 1 continue to be true in all material respects, then the provisions of Section 2 of this Agreement will, as set forth in Section 2, amend and supplement (i) the Security Instrument, and (ii) the Note. The Security Instrument and Note together, as may previously have been amended, are referred to as the "Loan Documents." Capitalized terms used in this Agreement have the meaning given to them in the Loan Documents.

If required, I have provided confirmation of my financial hardship and documents to permit verification of all of my income to determine whether I qualify for the offer described in this Agreement. This Agreement will not take effect unless and until the Lender signs it. I further understand and agree that the Lender will not be obligated or bound to make any modifications of the Loan Documents if I fail to meet any of the requirements under this Agreement.

1. **My Representations**. I represent to the Lender and agree:
    A. I am experiencing a financial hardship and, as a result, am either in default under the Loan Documents or a default is imminent.

    B. The Property is neither in a state of disrepair, nor condemned.

    C. There has been no impermissible change of ownership of the Property since I signed the Loan Documents. A permissible change of ownership would be any transfer that the Lender is required by law to allow, such as a transfer to add or remove a family member, spouse or domestic partner of the undersigned in the event of a death, divorce or marriage.

    D. I am not a party to any litigation involving the Loan Documents, except to the extent I may be a defendant in a foreclosure action.

    E. If required, I have provided documentation for all income that I earn.

    F. All documents and information I provide pursuant to this Agreement are true and correct.

Loan Number ▮

2. **The Modification.** The Loan Documents are hereby modified as of **NOVEMBER 01, 2020** ("Modification Effective Date"), and all unpaid late charges are waived. The first modified payment will be due on the date set forth in this Section 2:

   A. The Maturity Date will be: **OCTOBER 01, 2060**.

   B. The modified principal balance of my Note will include all unpaid amounts and arrearages (excluding unpaid late charges) and may include amounts toward taxes, insurance, or other assessments. The new principal balance of my Note is **$268,964.01** ("New Principal Balance").

   C. Interest will begin to accrue on the New Principal Balance of **$268,964.01** as of **OCTOBER 01, 2020**. The first new monthly payment on the New Principal Balance will be due on **NOVEMBER 01, 2020**, and monthly on the same date thereafter.

   The payment schedule for the modified Loan is as follows:

   Interest will accrue on the New Principal Balance at the rate of **3.250%** annually. The monthly payment amount for principal and interest will be **$1,002.00**, which is an amount sufficient to amortize the New Principal Balance over a period of **480** months.

| Years | Interest Rate | Interest Rate Change Date | Monthly Principal & Interest Payment Amount | Estimated Monthly Escrow Payment Amount | Total Monthly Payment | Payment Begins on | Number of Monthly Payments |
|---|---|---|---|---|---|---|---|
| 1-40 | 3.250% | 10/01/2020 | $1,002.00 | $404.95, may adjust periodically | $1,406.95, may adjust periodically | 11/01/2020 | 480 |

The above terms in this Section 2.C shall supersede any provisions to the contrary in the Loan Documents, including, but not limited to, provisions for an adjustable or step interest rate.

I understand that, if I have a pay option adjustable-rate mortgage loan, upon modification, the minimum monthly payment option, the interest-only option, or any other payment options will no longer be offered and that the monthly payments described in the above payment schedule for my modified Loan will be the minimum payment due each month for the remaining term of the Loan. My modified Loan will not have a negative amortization feature that would allow me to pay less than the interest due resulting in any unpaid interest being added to the outstanding principal balance.

If my loan is a daily simple interest loan or an average daily balance loan, I understand and agree that interest will accrue daily and payments will be applied as of the date received by the Lender according to the terms of the Loan Documents. Interest accrues by applying the ratio of the annual interest rate over the number of days in the year (365 or 366 in a leap

Loan Number ███

year), multiplied by the principal balance, multiplied by the actual number of days the principal balance is outstanding.

All payment amounts specified in this Agreement assume that all payments will be made on the payment due date throughout the life of the loan. If I pay before or after the payment due date, the amount of interest will vary and, if my payment is an amortizing payment, the amount allocated between interest and principal will vary. For example, if I pay a monthly amortizing payment after the due date, more of the payment will go toward interest and less toward principal. As a result, the principal may be reduced more slowly over the term of the loan, and there could be a principal balance due at the maturity date of the loan. All accrued and unpaid interest will be applied before any amounts are applied toward principal.

Despite any scheduled payment shown in this Agreement, at any scheduled interest rate adjustment date, my monthly payment will be adjusted to an amount necessary to repay the remaining unpaid balance as of the interest rate adjustment date in substantially equal monthly installments of principal and interest over the remaining term of the loan, assuming I pay on the due date. The Lender will not accept multiple monthly payments in advance of their due date.

D. Any amounts remaining unpaid under the Loan Documents, will be paid by the earliest of the date I sell or transfer an interest in the Property, subject to Section 3.E below, the date I pay the entire New Principal Balance, or the Maturity Date.

E. I will be in default if (i) the monthly payments are not made in full by the payment date, or (ii) I do not comply with the terms of the Loan Documents, as modified by this Agreement. If a default rate of interest is permitted under the current Loan Documents, then in the event of default, the interest that will be due on the New Principal Balance will be the rate set forth in Section 2.C.

3. **Additional Agreements**. I agree to the following:
   A. That this Agreement shall supersede the terms of any modification, forbearance, or workout plan, if any, that I previously entered into with the Lender.

   B. To comply, except to the extent that they are modified by this Agreement, or by the U.S. Bankruptcy Code, with all covenants, agreements, and requirements of the Loan Documents including my agreement to make all payments of taxes, insurance premiums, assessments, impounds, and all other payments, the amount of which may change periodically over the term of my Loan. This Agreement does not waive future escrow requirements. If the Loan includes collection for tax and insurance premiums, this collection will continue for the life of the Loan.

   C. That the Loan Documents are composed of valid, binding agreements, enforceable in accordance with their terms.

   D. That all terms and provisions of the Loan Documents, except as expressly modified by this Agreement, or by the U.S. Bankruptcy Code, remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part

MODIFICATION AGREEMENT - BAU MOD GLOBAL
ver. 09_11_2020_23_01_40

ID MIILfA3Np5
WF632
(*page 3 of 7 pages*)

**Loan Number** ▮

of the obligations contained in the Loan Documents; and that except as otherwise specifically provided in, and as expressly modified by, this Agreement, or by the U.S. Bankruptcy Code, the Lender and I will be bound by, and will comply with, all of the terms and provisions of the Loan Documents.

E. That, as of the Modification Effective Date, notwithstanding any other provision of the Loan Documents, I agree as follows: If all or any part of the Property or any interest in it is sold or transferred without the Lender's prior written consent, the Lender may, at its option, require immediate payment in full of all sums secured by the Mortgage. However, the Lender shall not exercise this option if federal law prohibits the exercise of such option as of the date of such sale or transfer. If the Lender exercises this option, the Lender shall give me notice of acceleration. The notice shall provide a period of no less than 30 days from the date the notice is delivered or mailed within which all sums secured by the Mortgage will come due. If payment of these sums is not made prior to the expiration of this period, the Lender may invoke any remedies permitted by the Mortgage without further notice or demand on me.

F. That, as of the Modification Effective Date, a buyer or transferee of the Property will not be permitted, under any circumstance, to assume the Loan. In any event, this Agreement may not be assigned to, or assumed by, a buyer of the Property.

G. If any document is lost, misplaced, misstated, or inaccurately reflects the true and correct terms and conditions of the Loan Documents as amended by this Agreement, within ten (10) days after my receipt of the Lender's request, I will execute, acknowledge, initial, and deliver to the Lender any documentation the Lender deems necessary to replace or correct the lost, misplaced, misstated or inaccurate document(s). If I fail to do so, I will be liable for any and all loss or damage which the Lender reasonably sustains as a result of my failure.

H. All payment amounts specified in this Agreement assume that payments will be made as scheduled.

I. That, if Borrower is in an active bankruptcy case upon execution of this document, Borrower will cooperate fully with Lender in obtaining any required Bankruptcy Court and trustee approvals in accordance with local court rules and procedures. Borrower understands that if such approvals are not received, then the terms of this Agreement will be null and void. If this Agreement becomes null and void, the terms of the original Loan Documents shall continue in full force and effect and such terms shall not be modified by this Agreement.

J. That the mortgage insurance premiums on the Loan, if applicable, may increase as a result of the capitalization which will result in a higher total monthly payment. Furthermore, the date on which I may request cancellation of mortgage insurance may change as a result of the New Principal Balance.

K. If the Borrower(s) received a discharge in a Chapter 7 bankruptcy subsequent to the execution of the Loan Documents, the Lender agrees that such Borrower(s) will not have personal liability on the debt pursuant to this Agreement. If Borrower(s) is in an open bankruptcy case but has not yet received a discharge, then this Agreement is not intended as an attempt to

MODIFICATION AGREEMENT - BAU MOD GLOBAL
ver. 09_11_2020_23_01_40

ID MlILfA3Np5
WF632
*(page 4 of 7 pages)*

**Loan Number** ███

collect a debt. Rather the agreement is intended to modify the Loan Documents to enable the Borrower(s) to continue making voluntary payments and retain the Property.

L.  That in agreeing to the changes to the original Loan Documents as reflected in this Agreement, the Lender has relied upon the truth and accuracy of all of the representations made by the Borrower(s), both in this Agreement and in any documentation provided by or on behalf of the Borrower(s) in connection with this Agreement. If the Lender subsequently determines that such representations or documentation were not truthful or accurate, the Lender may, at its option, rescind this Agreement and reinstate the original terms of the Loan Documents as if this Agreement never occurred.

M.  I acknowledge and agree that if the Lender executing this Agreement is not the current holder or owner of the Note and Mortgage, that such party is the authorized servicing agent for such holder or owner, or its successor in interest, and has full power and authority to bind itself and such holder and owner to the terms of this modification.

**THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES. THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.**

Loan Number ███

**TO BE SIGNED BY BORROWER ONLY**

**BORROWER** SIGNATURE PAGE TO MODIFICATION AGREEMENT BETWEEN JPMORGAN CHASE BANK, N.A. And FORREST PARKER, LOAN NUMBER ███ WITH A MODIFICATION EFFECTIVE DATE OF NOVEMBER 01, 2020

In Witness Whereof, the Borrower(s) have executed this agreement.

L _[signature]_____ Date: 10/01, 2020
Borrower - FORREST PARKER

MODIFICATION AGREEMENT - BAU MOD GLOBAL
ver. 09_11_2020_23_01_40

ID MIILfA3Np5
WF632
*(page 6 of 7 pages)*

Loan Number ███

## TO BE SIGNED BY LENDER ONLY

**LENDER** SIGNATURE PAGE TO MODIFICATION AGREEMENT BETWEEN JPMORGAN CHASE BANK, N.A. And FORREST PARKER, LOAN NUMBER ███ WITH A MODIFICATION EFFECTIVE DATE OF NOVEMBER 01, 2020

In Witness Whereof, the Lender has executed this Agreement.

Lender

**JPMORGAN CHASE BANK, N.A.**

By: _/s/ Arla Haney_

Printed Name:

Arla Haney      Vice President–Doc Execution

Date: _10-12-2020_